BARNS, PAUL D., Associate Judge.
The appellant Bretthauer was the defendant in a suit brought against him by the appellee Walton for the recovery of a real estate salesman’s commission. The trial was before the judge without a jury; final judgment was entered in favor of Walton, whereupon the defendant appealed. We find error and reverse.
In July, 1961, Bretthauer was a real estate broker and J. H. Lewis was a salesman for Bretthauer. Lewis as such salesman procured Walton in July, 1961, to purchase an option from Freeman & Sons, as
optionors, to purchase certain lots at a sales price of $70,000. Walton paid $2,000 as a consideration for the option, which $2,000, if the option was exercised, was to be applied as a credit toward the purchase price. The option contract further provided that in the event of the exercise of the option and the consummation of the sale, the option seller, Freeman, was to pay Bretthauer a 5% commission on the sales price. The evidence shows that one-half of the commission due Bretthauer was to be paid to Lewis, the salesman in Bretthauer’s office who negotiated the option contract.
The expiration date of the option was December 15, 1961, and on the 12th of December, Walton advised Bretthauer that he was not going to exercise his option; Walton would lose his $2,000 and Brett-hauer would not receive the 5%, or $3,500, commission. Both were interested in negotiating a sale of the option within the three remaining days. Walton was successful in selling the option to Richard B. Plummer and Plummer paid Walton $3,000 for an assignment of the option to him. Plum-mer exercised the option and Freeman paid Bretthauer his 5% commission when the lots were transferred.
Walton was a salesman working out of Bretthauer’s office at the time of the sale of his option to Plummer and on this basis claims he was entitled to a salesman’s commission. We find this contention to be without merit.
Walton sold to Plummer only what he had — an option; he did not sell lots or land; he did not sell anything listed with Bretthauer as a broker; h'e sold only what was his; he could fix his own price on the option owned exclusively by him and sell or not sell as he might wish. Bretthauer benefitted from the exercise of the option by Plummer but when Walton sold he was acting solely on the advancement of his own interest and Bretthauer benefitted only as an incidental consequence; and then not by reason of Walton’s selling his op-
*773 tion, but by reason of Plummer’s exercising it. Bretthauer never agreed to pay Walton anything if Walton sold his own option or if his assignee exercised it. The judgment should have been entered for the defendant.
The judgment appealed from is reversed.